UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 0:05-CV-158-HRW

BENJAMIN FRANKLIN CHRISTIAN,                              PLAINTIFF,


V.


PHH MORTGAGE SERVICES, A/K/A/
PHH MORTGAGE CORPORATION                         DEFENDANT.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court upon Defendant's Motion for Summary

Judgment [Docket No. 16]. The Motion was filed on July 31, 2006. Under Local

Rule 7.1 and Rule 6 of the Federal Rules of Civil Procedure, the time allotted for

Plaintiff to respond expired on August 23, 2005. Plaintiff filed neither a response

to the Motion, nor a motion for additional time to respond. The matter is thus ripe

for decision on the record in its present state. Having considered the matter fully,

and being otherwise sufficiently advised, the Court will sustain Defendant's

Motion.

**I. Background and Procedural History**

This case was removed to this Court from Greenup Circuit Court on

September 23, 2005. The Court directed the parties to brief the question of

whether there was a sufficient amount in controversy to support jurisdiction in this court. Defendants complied with the Court's order [Docket No. 6], but Plaintiff failed to respond. Following consideration of Defendant's Memorandum in Support of jurisdiction, the Court sustained the removal by Order dated October 20, 2005 [Docket No. 8].

The original state court complaint [Docket No. 1, Attachment 1], a form styled "Tort Claim," consisted of a bare statement of the dollar amount claimed ($368,000) without any factual allegations or legal grounds in support. Defendants thus filed a Motion for a More Definite Statements of Plaintiff's claims, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure [Docket No. 3], and the Court granted the motion and directed Plaintiff to file a clearer statement of his claims. Pursuant to the Court's Order, the Plaintiff then filed a pleading styled "Tort Claim," [Docket No. 13]. At the conclusion of the discovery period, Defendant filed the instant Motion for Summary Judgment, which is properly supported by affidavits and other evidence.

## II. The Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure the Court must view the evidence in the light most favorable to the nonmoving party, in this case, the Defendant.  Thus, when examining the record the Court will resolve doubts and

2

construe inferences in favor of the Defendant in an effort to determine if any genuine issues of material fact exist.  However, in a series of decisions commonly referred to as the "trilogy", *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), the U.S. Supreme Court emphasized that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.  In short, the "trilogy" requires the nonmoving party to produce specific factual evidence that a genuine issue of material fact exists.

The United States Court of Appeals for the Sixth Circuit has interpreted the "trilogy" to mean that the nonmoving party must produce enough evidence, after having had a reasonable opportunity to conduct discovery, so as to withstand a directed verdict motion. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989).  As that Court stated, "the movant could challenge the opposing party to 'put up or shut up' on a critical issue...[and] if the respondent did not 'put up', summary judgment [is] proper." *Id.* at 1478.

Based upon this standard, it is clear that summary judgment is appropriate, as no issue of material fact can be found to exist. In other words, Plaintiff failed to

3

"put up," and thus summary judgment for the defendant is proper.

## III. Discussion

The essence of Plaintiff's claims appears to be that he paid off his mortgage, which is held by Defendant. Plaintiff's clarifying pleading claims that he has settled his account with the Defendant and asks that the mortgage be released. However, nothing in the record would tend to show that the debt has been satisfied. The evidence of record reveals the contrary.

On June 24, 2005, Plaintiff executed a promissory note and pledged to pay a debt of $92,000 to PHH Mortgage Services, with the first payment coming due on August 1, 2005. On the same date and in connection with the promissory note, Plaintiff executed a mortgage with PHH, pursuant to which he granted a security interest in his property in Worthington, Kentucky.

In order to succeed in an action to have his liabilities under the Note and Mortgage discharged, Plaintiff would have to prove payment in full or voluntary release by PHH. *See* KY. REV. STAT. ANN. § 382.365(3), (6) (West 2005). *And see* KY. REV. STAT. ANN. §§ 355.3-601, 355.3-602, 355.3-604 (West 2005). None of Plaintiff's pleadings claim that PHH released the obligation, and regarding the allegations of full satisfaction of the debt, the Court again notes Plaintiff's failure to submit any evidence for the record.

4

Plaintiff alleges in the clarifying pleading styled "Tort Claim," that on July 11, 2005, he sent a "negotiable instrument" to PHH that settled the entire $92,000 debt. In a document filed with the court titled "Declaration of Truth in the Nature of an Affidavit of Truth for the Memorialization of Facts and Events,"[1] the Plaintiff refers to a series of documents allegedly sent to PHH, each with a corresponding postal tracking number and the name or description of the person who allegedly received the document. Among those documents listed is the so-called negotiable instrument which Plaintiff claims satisfied his mortgage.

Plaintiff also refers to this "instrument" in his clarified pleading. Even assuming the existence of such a document, Plaintiff failed to produce it for inclusion in the record.[2] In fact, other than the references in Plaintiffs pleadings, there is no evidence in the record to suggest that any of these documents exist anywhere outside Plaintiff's imagination.

Defendant's affidavits establish a remaining principal balance of $91,042.66 remaining on the loan. Because Plaintiff has not come forward with one scintilla

---

[1] The Court Construed this document as a Response to Defendant's Motion for More Definite Statement. See Docket Nos. 4-5.

[2] During the discovery phase in this case, Defendant requested that Plaintiff produce those documents listed in his "Declaration of Truth..."including the "negotiable instrument" that allegedly satisfied Plaintiff's debt. Plaintiff did not respond to any of Defendant's requests within the period of time allotted for discovery.

of evidence to contradict Defendant's records, he fails to carry his burden under

the summary judgment standard. The Court finds no genuine issue of material fact

exists regarding Plaintiff's alleged satisfaction of his debt, and summary judgment

for the Defendant is therefore appropriate.

## IV. Conclusion

For the reasons stated above, the Court will sustain the Motion for Summary

Judgment and dismiss the Complaint. Accordingly, **IT IS HEREBY ORDERED:**

1) that Defendant's Motion for Summary Judgment [Docket No. 16]

is **SUSTAINED;**

2) that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE;**

3) that a separate judgment consistent with this opinion shall issue

this day.

This _18_ day of September, 2006.

_____

Henry R. Wilhoit, Jr.
Senior U.S. District Judge

6